No. 4157.

First Circuit

———

WALTER V. BROCK, Tutor, v. JOHN H.
FRIEND

———

(June 30, 1925.   Opinion and Decree.)

———

(*Syllabus by the Editor.*)

1. Louisiana Digest—Pleading—Par. 67.

An exception of lis pendens will not be maintained where the children sue separately from the wife in an action for damages under Article 2315 of the Civil Code.

2. Louisiana Digest—Automobile—Par. 4, 4 (d).

One who either invites or allows another to ride in his automobile owes the duty of using reasonable or ordinary care for his safety.

3. Louisiana Digest—Automobile—Par. 4, 4 (d).

Where in an automobile accident it is shown that the driver and owner was grossly negligent in driving the automobile too fast around a curve thereby causing a wreck and death of an occupant of his car, he will be held liable for the resultant damages.

Appeal from the Twenty-Second Judicial District, Parish of Washington, Hon. Magee W. Ott, Judge.

This is a suit for damages under Article 2315 of the Civil Code for death of the father brought by the tutor for the minor children.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. Vol. Brock and O. H. Carter, of Franklinton, attorneys for plaintiff, appellee.

Miller & Miller and Miller & Richardson, of Bogalusa, attorneys for defendant, appellant.

ELLIOTT, J.   Walter V. Brock, tutor of Leslie, Mildred and Freddie Brock, minor children of Dr. Fleet W. Brock, alleging that Dr. Fleet W. Brock, father of the children, was killed on the 21st of August, 1923, as the result of the reckless, heedless conduct and fault of the defendant, John H. Friend, in driving his automobile in which Dr. Brock was riding by the invitation of said Friend.

That said children were living with their father at the time he was killed at his place of residence in Washington Parish; that said Friend while driving his car in a careless, negligent manner and at a high rate of speed ran into a ditch, whereby the car was wrecked and Dr. Brock was thrown from the car and killed; that the death of Dr. Brock was caused solely by the careless, negligent and recklessly fast driving of said Friend.

He claims of the defendant $10,000.00 damages for and in behalf of said minors on account of the death of their father.

Defendant excepted, pleading is pendens and no cause of action, both of which were overruled in the lower court.

Defendant then answered denying plaintiff's allegations.

The above case and that entitled Mrs. Mattie Hale Brock vs. John H. Friend, No. 4119 on the docket of the court were consolidated and tried together.

The record of the suit No. 4119 shows that Mrs. Mattie Hale Brock filed suit against John H. Friend, May 20, 1924, claiming $10,000.00 for herself as the widow of Dr. Brock, on account of his death by the negligence of defendant.

The evidence shows that Dr. Brock had been married twice: After the death of his first wife Mrs. Maud Brock, he married Mrs. Mattie Hale Brock. He left at his death the three children above named, born of his marriage with his first wife.

The law C. C. Art. 2315 (Amd. Act 159 of 1918) provides that where "the deceased leaves a surviving spouse together with minor children the right of action shall accrue to both the surviving spouse and minor children". Therefore the right of action on account of the death of Dr. Brock, having accrued to both the widow and the children, both have the right to sue, as was done. The exception of lis pendens was properly overruled.

Coming now to the merits of the case, plaintiff alleges that Mr. Friend invited Dr. Brock to ride with him. Mr. Friend testified on this subject as follows:

"Q. What did you say to him at Slidell?
"A. I told him yes he could ride with me if he wanted to.
"Q. You did not object to it?
"A. No, sir.
"Q. When you left Slidell who occupied the front seat of your car?
"A. Dr. Brock and myself.
"Q. The other man you mentioned, where was he?
"A. In the back seat."

This shows that Dr. Brock was lawfully riding in Mr. Friend's automobile with the consent of Mr. Friend, and the obligations of Mr. Friend as the owner and driver of the car must be judged accordingly.

The evidence shows that Mr. Friend did not exercise reasonable care for safety of Dr. Brock. His driving was heedless, recklessly fast, and when he entered a sharp curve in the road he was running so fast that he could not guide nor control his car.

Mr. Friend, speaking of the matter himself says:

"Q. How did the wreck occur?
"A. It is a very sharp curve there and instead of taking the inside of the curve I was on the outside. My back wheel got off the gravel in the soft mud, I drove that way 200 feet. I was trying to pull the car in the road. I was not uneasy. I did not think the car was out of my control, and the wheel struck a bump on the side there and the pressure pulled the car around this way and the car turned over."

Other witnesses testify to the tracks of the car in the ditch on the side of the road at the beginning of the curve.

Two witnesses, R. J. Joyner and Sam Wilson, speaking of the speed he was running before he reached the curve, say that they never saw a car going so fast before, and estimated his speed at over 60 miles an hour; and Mr. Joyner that the roaring of the car continued as it went into the curve. The unusual speed of the car was noticed by a Mr. Parker, who lived near the curve. He says that knowing it could not make the curve, he watched to see the outcome, and as it entered the curve the wheel went down in the dump run (meaning ditch) 35 or 40 feet, and as they came out on the bank the car turned over twice changing ends; the rear end pointing down the road from which it had come; that the car pitched Dr. Brock forward up, out of it as it turned over and he came down head first; that the others were also pitched out distances of 30 or 40 feet from the car.

The fact that the car rolled over twice and changed ends, pitching the occupants out with the force and violence mentioned

by the witnesses shows conclusively that the car was running at great speed at the time it over-turned.

The case Jacobs vs. Jacobs, 141 La. 272, 74 South. 992, contains pertinent language on the subject of the duty which the driver of the automobile owes to a party riding with him by his invitation; and in this case Dr. Brock may be considered to have been doing the same, at least he was riding by the permission of Mr. Friend and with his consent.

The court says in the body of the opinion pp. 236:

"With regard to the care due by the driver of an automobile for the safety of a passenger riding as his guest, we do not recognize the distinction referred to in some jurisdictions between gross or wilful negligence and the ordinary negligence or imprudence referred to in the provisions of our Civil Code Arts. 2315, 2316. We agree * * * that a guest in an automobile is entitled to demand that his host shall exercise ordinary care for his safety in driving the car, and that the latter's liability is not confined to acts of gross negligence or wilful recklessness, etc."

The second clause of the syllabus reads:

"Although an invited guest of the driver of an automobile, being a mere licensee, is not entitled to the consideration due by a carrier to a passenger for hire; he is nevertheless entitled to the benefit of the provisions of the Civil Code, that any act of negligence or imprudence that causes injury to another obliges him who was at fault to pay for the injury."

Clause 7—

"The responsibility of the driver of an automobile for the safety of his guest in the car, is not limited to his duty to abstain from acts of gross or wilful negligence, but demands that he avoid the ordinary negligence or imprudence referred to in the Civil Code."

Some of the other portions of the syllabus and opinion also have bearing.

In Ruling Case Law Vol. 4, Subject Carriers, p. 1052, Sec. 502 we find the following expression:

"* * * one who goes upon the vehicles * * *, of a carrier * * *, * * * by invitation express or implied is lawfully there, and the carrier owes him at least the duty of using reasonable or ordinary care for his safety."

And same author Vol. 22, Subject Railroads, p. 929, Sec. 174:

"* * * * * * as to one who is on its vehicles by its invitation, express or implied, it owes the duty of using reasonable or ordinary care for his safety, etc."

Mr. Friend's speed in rounding the curve was far in excess of that provided for by Act 120 of 1921, Sec. 19.

The death of Dr. Brock was due solely to the fault and imprudence of Mr. Friend in driving his car on the road at a speed beyond his control and it over-turned as the result of its excessive speed in rounding a curve.

In acting as he did he took no care for the safety of Dr. Brock. He owed him the duty of reasonable care while riding in his car by his express permission.

The judgment appealed from is correct.

The plaintiff filed an answer to the appeal praying that the amount allowed by the lower court be increased. We do not think that the amount should be increased.

Judgment affirmed.

## DISSENTING OPINION

LECHE, J. I can find no evidence to sustain the statement that Dr. Brock was a guest of Mr. Friend. A guest is one who is present by invitation. Dr. Brock was neither asked nor invited to enter defendant's automobile. He was not, how-

ever, a trespasser because his presence, resulting from his own conduct and action, was not objected to by the defendant. He was a mere licensee. He therefore assumed all the risks incidental to a fast automobile trip. He knew that defendant would drive fast with a view of reaching Bogalusa with the least possible delay. Defendant owed him no duty, except not to injure him by willful, wanton or reckless conduct. 1913 A. 893, Ann. cases.

Defendant may have been imprudent, but he was not guilty of wanton or gross carelessness; his own life and his automobile were at stake. He rounded a curve on loose gravel, his automobile skidded and the accident followed. I do not believe that he is liable under the law.